IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DESMOND VINCENT GREENLAND,   **)**
                                **)**
        Plaintiff,             **)**
                                **)**
        v.                  **)**
                                **)**       1:24-cv-1060
THE SALVATION ARMY SOUTHERN   **)**
TERRITORY and THE SALVATION   **)**
ARMY OF GREENSBORO,         **)**
                                **)**
        Defendants.        **)**

## ORDER

This matter is before the Court on the United States Magistrate Judge's Recommendation ("Recommendation"), Dkt. 14, to grant Defendants' unopposed motion to dismiss, Dkt. 9, Mr. Greenland's complaint, Dkt. 1, and other associated motions filed by Mr. Greenland in the wake of the Recommendation, *see* Dkts. 17-18. Defendants moved to dismiss Mr. Greenland's complaint on April 23, 2025. *See* Dkt. 9. The Court served Mr. Greenland, who proceeds *pro se*, with notice of his opportunity to oppose Defendants' motion to dismiss on April 25, 2025, *see* Dkt. 11, as is required by Fourth Circuit case law, *see Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Despite this, Mr. Greenland failed to respond to or otherwise acknowledge the *Roseboro* letter prior to the Recommendation, which was issued by the Magistrate Judge over a year later on May 22, 2026. *See* Dkt. 14. In her Recommendation, the Magistrate Judge recommends that

the Court dismiss Mr. Greenland's complaint without prejudice pursuant to Federal Rule Civil Procedure 12(b)(4) for failure to properly serve the Defendants. *See id.* at 2-3.

On June 4, 2026, over a year after Defendants moved to dismiss Mr. Greenland's complaint, Mr. Greenland finally acknowledged the Defendants' motion to dismiss, the Court's *Roseboro* letter, and the Recommendation. *See* Dkts. 16-18. He filed objections to the Recommendation, Dkt. 16, and moved this Court to: (1) extend his deadline to file an opposition to Defendants' motion to dismiss, Dkt. 18; and (2) grant him leave of Court to belatedly serve the Defendants in accordance with state and federal law, Dkt. 17. In his motions, Mr. Greenland provides the following reasons for failing to respond to Defendants' motion to dismiss, the Court's *Roseboro* letter, or otherwise cure his service defects for over a year: (1) inability to "timely file a response due to illness and because Plaintiff was required to remain outside the State of North Carolina for an extended period during the relevant timeframe;" and (2) misunderstanding "certain procedural requirements related to filing deadlines," which he asserts "was not the result of bad faith, intentional disregard of Court procedures or willful neglect." Dkt. 18 at 2; *see also* Dkt. 17 at 2. Defendants have opposed Mr. Greenland's objections and related motions. *See* Dkts. 21-23.

For the reasons outlined below, Mr. Greenland's motion for extension of time to serve the Defendants, Dkt. 17, is **DENIED**. Mr. Greenland's motion for leave to file an opposition to Defendants' motion to dismiss, Dkt. 18, is **DENIED**. And Mr. Greenland's

2

objections to the Recommendation, Dkt. 16, are **OVERRULED** and the Recommendation, Dkt. 14, is **ADOPTED IN FULL**.  The complaint, Dkt. 1, is **DISMISSED WITHOUT PREJUDICE**.

The Court begins with Mr. Greenland's motions for an extension of time to serve the Defendants, Dkt. 17, and for leave to file an opposition to Defendants' motion to dismiss, Dkt. 18, both of which are denied.  Mr. Greenland's reasons for his failure to timely file an opposition to Defendants' motion to dismiss—illness, absence from the District, and misunderstanding certain court deadlines, Dkt. 18 at 2—all fail to demonstrate excusable neglect.  *See* Fed. R. Civ. P. 6(b)(1)(B); *see also Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) ("The most important of the factors … for determining whether 'neglect' is 'excusable' is the reason for the failure to [timely] file.").  Although illness can constitute excusable neglect, *see, e.g., Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1118 (7th Cir. 1994), Mr. Greenland only vaguely asserts past illness without providing any documentation or other evidence of medical issues (or how they would impede him from filing his opposition brief for over 400 days), which is insufficient to meet his burden, *see Smith v. EVB*, No. 3:09-cv-554, 2010 WL 4723768, at *3 (E.D. Va. Nov. 15, 2010); *Chihota v. Fulton, Friedman & Gullace, LLP*, No. RBD-11-01273, 2012 WL 1319816, at *3 (D. Md. Apr. 16, 2012).  Nor does it matter that Mr. Greenland was absent from the District during the relevant time, as he consented to receiving filings from the Court's electronic filing system by email, *see* Dkt. 3, and it appears that both the

3

Defendants' motion to dismiss and the *Roseboro* letter were emailed to Mr. Greenland, *see* Dkts. 9-10. Finally, Mr. Greenland's own misunderstanding of relevant court deadlines is not excusable neglect. *See Nichols v. Bumgarner*, 173 F.4th 511, 517 (4th Cir. 2026) ("Pro se plaintiffs, like all other litigants, must comply with substantive and procedural rules." (quotation modified and internal quotation omitted)). Mr. Greenland's motion for leave to file an opposition to Defendants' motion to dismiss, Dkt. 18, is therefore denied.

Nor will the Court grant Mr. Greenland's request to extend his deadline to serve the Defendants. *See* Dkt. 17. Though the Court must grant an extension if Mr. Greenland demonstrates good cause for his delay, *see Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019), Mr. Greenland does not meet this threshold showing to demonstrate good cause because he merely asserts he misunderstood certain court deadlines and rules, *see* Dkt. 17 at 2. "Mistake of law, misunderstanding of the rules, and inadvertence do not amount to 'good cause' under Rule 4(m)." *Bolus v. Fleetwood RV, Inc.*, 308 F.R.D. 152, 155 (M.D.N.C. 2015) (quoting *United States ex rel. Shaw Env't, Inc. v. Gulf Ins. Co.*, 225 F.R.D. 526, 528 (E.D. Va. 2005)).

And while the Court maintains discretion to extend Mr. Greenland's service deadline under Federal Rule of Civil Procedure 4(m) even without a showing of good cause, *see Gelin v. Shuman*, 35 F.4th 212, 219-20 (4th Cir. 2022), it declines to do so here given the woefully deficient explanation Mr. Greenland has provided for his delay. Mr. Greenland was entirely silent for over 400 days, and he completely failed to prosecute his

4

case between March 27, 2025, the day he filed an affidavit of service with this Court, Dkt. 6, and June 4, 2026, when he filed his objection to the Magistrate Judge's order, Dkt. 16. Mr. Greenland does not even warrant to this Court that he *did not receive* the Court's *Roseboro* letter or Defendants' motion to dismiss (and it appears he was, in fact, emailed those filings). *See generally* Dkt. 17. And there is no evidence that Mr. Greenland diligently pursued timely service prior to the Magistrate Judge's Recommendation that his case be dismissed, even though Mr. Greenland was aware of his service defects when he was emailed a copy of Defendants' motion to dismiss. These factors counsel against discretionarily extending Mr. Greenland's Rule 4(m) service deadline. *See Coleman v. Mauney*, 1:23-cv-01127, 2026 WL 1699496, at *5 (M.D.N.C. Feb. 19, 2026) (declining to discretionarily extend the plaintiff's Rule 4(m) service deadline where the "action [had] been pending for over two years" and the plaintiff had not "attempted personal service upon" the unserved defendants "at any time"); *Andrews v. Brown*, 3:23-cv-264, 2024 WL 4520123, at *7 (E.D. Va. Oct. 17, 2024) (declining to discretionarily extend the plaintiff's Rule 4(m) service deadline where he was "made aware multiple times of his failure to properly serve" the defendants, "made no request for an extension of time" prior to his deadline expiring, and offered no indication of "diligence on his part to properly serve" the defendants). Mr. Greenland's motion for an extension of time to serve the Defendants, Dkt. 17, is denied, as well.

Mr. Greenland's objections to the Recommendation are also overruled.[1] Mr. Greenland's *pro se* status is not a basis for excusing his deficient service of process. *See Jefferies v. Upstream Pharm.*, No. 1:24-cv-310, 2024 WL 4826761, at *3 (M.D.N.C. Nov. 19, 2024) ("[T]he service rules are not relaxed for unrepresented litigants."). Nor does it matter that, despite Mr. Greenland's deficient service, Defendants still received actual notice of his lawsuit. *See Minutello v. AT&T Servs., Inc.*, No. 1:25-cv-128, 2025 WL 1748481, at *2 (M.D.N.C. June 24, 2025) ("Service of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred."). And, as explained above, the Court declines to discretionarily extend Mr. Greenland's service deadline under Rule 4(m) given that he has provided no specific reason for his delay beyond vaguely asserting illness, absence, and misunderstanding of court rules, none of which warrants discretionarily extending Mr. Greenland's service deadline on the facts of this case.

Accordingly, Mr. Greenland's motion for extension of time to serve the Defendants, Dkt. 17, is **DENIED**. Mr. Greenland's motion for leave to file an opposition to Defendants' motion to dismiss, Dkt. 18, is **DENIED**. And Mr. Greenland's objections

---

[1] Mr. Greenland does not contest the Magistrate Judge's conclusions and instead asks that he be excused from them. *See generally* Dkt. 16. Even if those complaints could be fairly construed as objections to the Recommendation entitling Mr. Greenland to *de novo* review from this Court, *see Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982), they would not carry the day. Nor would they be sufficient if this Court reviewed for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

to the Recommendation, Dkt. 16, are **OVERRULED** and the Recommendation, Dkt. 14, is **ADOPTED IN FULL**. The complaint, Dkt. 1, is **DISMISSED WITHOUT PREJUDICE**.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 23rd day of July, 2026.

_____
LINDSEY A. FREEMAN
UNITED STATES DISTRICT JUDGE

7